UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Darrell Burgess, ) | Civil Action No. 4:21-3667-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden, Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Darrell Burgess ("Petitioner"), an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections, filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Thomas E. Rogers, for pre-trial proceedings and a Report and Recommendation ("Report"). In the Report, Magistrate Judge Rogers recommends that the habeas petition be dismissed as successive and unauthorized. (ECF No. 13.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

Magistrate Judge Rogers issued the Report on December 6, 2021. (*Id.*) On December 22, 2021, Petitioner filed objections to the Report asserting that no rational trier of fact could have found guilt beyond a reasonable doubt and that he previously

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

1

lacked knowledge that his claim existed, thus justifying the untimeliness of his petition. (*See* ECF No. 15.) The matter is ripe for review and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

In his objections, Petitioner states:

> Petitioner entered this court because there is an absence of available state corrective process. 28 U.S.C. § 2254(B)(i). Also this court must entertain a Petition for Habeas Relief if a state prisoner claim that no rational trier of fact could find guilt beyond a reasonable doubt provided the Petitioner has exhausted his remedies as to the claim of sufficiency of the evidence and no procedural bar exist or phibits such. Petitioner has no excuse for not raising the Fifth (5th) Amendment claim sooner other than that he lacked knowledge the claim existed to raise in any prior proceeding. As well, there

is an absence of available state corrective process [to remedy these violations of Petitioners constitutional rights].

(ECF No. 15 at 1 (errors and modifications in original).)

Petitioner filed a previous § 2254 petition in this Court challenging the same conviction and sentence challenged herein, and that challenge was dismissed in a manner that operates as an adjudication on the merits. (ECF No. 13 at 2–3.) The Court finds that Petitioner's objections are either unrelated to the dispositive portions of the Report or merely restate his claims. (*See* ECF No. 15; ECF No. 1 at 5, 7.) The Court has conducted a *de novo* review of the Report, the record, and the applicable law. However, Petitioner's objections do not demonstrate any reason to deviate from the Magistrate Judge's conclusion that the instant § 2254 petition is successive and unauthorized. The Court finds the objections to be without merit and they are overruled.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate

of appealability is denied.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections, and adopts and incorporates the Magistrate Judge's Report (ECF No. 13). The Court lacks jurisdiction over the instant habeas petition as it is successive and unauthorized. Accordingly, the habeas petition (ECF No. 1) is dismissed.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

November 14, 2022
Charleston, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.